985 F.2d 571
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Oscar Thomas BURNS, Petitioner-Appellant,
v.
Brenda BURNS, et al., Respondents-Appellees.
 No. 92-15263.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 27, 1993.*
Decided Feb. 2, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oscar Burns, a Nevada state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 
 3
 Burns contends that the district court erred in holding that all of his claims raised in his habeas petitions were procedurally barred. A claim that is rejected by a state court on independent and adequate state procedural grounds is barred from federal habeas review unless the petitioner can establish cause for the procedural bar and prejudice by not having the claim addressed on the merits, or demonstrate a fundamental miscarriage of justice. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991).
 
 
 4
 Burns pled guilty to two counts of robbery with the use of a deadly weapon and one count of burglary. He did not file a direct appeal. On his first state post-conviction petition, Burns's only claim was that there was insufficient evidence to support his conviction for both counts of robbery. The Nevada Supreme Court affirmed the state district court's denial of the petition on the ground that because Burns pled guilty, he waived his right to raise any claim other than that his trial counsel was ineffective and his plea was not entered into knowingly and voluntarily. See Nev.Rev.Stat. § 34.810.
 
 
 5
 Burns filed a second state post-conviction petition challenging the effectiveness of his trial counsel and the voluntariness of his plea. The Nevada Supreme Court affirmed the state district court's denial of the petition on the ground that these claims should have been raised in Burns's first petition.
 
 
 6
 Burns filed a third state post-conviction petition, raising the same grounds as his second petition and additional grounds, all of which are contained in his federal habeas corpus petition. The Nevada Supreme Court affirmed the denial of the petition on the grounds that two of the claims were successive and the remainder were in procedural default because Burns failed to raise them in his first petition.
 
 
 7
 Burns concedes that his claims are in procedural default, but contends that he can show cause and prejudice by the fact that his post-conviction counsel was ineffective. However, because there is no constitutional right to counsel in post-conviction proceedings, the effectiveness of such counsel cannot be a basis for demonstrating cause when claims are procedurally defaulted. Coleman, 111 S.Ct. at 2566. Moreover, Burns has not demonstrated a fundamental miscarriage of justice. Therefore, the district court was correct in holding that his claims were procedurally barred. See id. at 2565.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3